## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| v.  ) | |
| ) | Docket No. 07-41-P-S |
| DARIO GIAMBRO  ) | |
| ) | |
| Defendant.  ) | |

## ORDER ON MOTIONS IN LIMINE

Before the Court is Defendant Dario Giambro's Motion in Limine Re: Evidence of Absence of Registration of Firearm in National Firearm Registration and Transfer Record (F.R.E. 803(10)) (Docket # 42). For the reasons set forth below, this Motion in Limine is DENIED WITHOUT PREJUDICE. Also before the Court is Defendant's Motion in Limine Re: Evidence of Disclosure of Information during Compliance Attempt (26 U.S.C. 5848) (Docket # 48). The Court RESERVES RULING on this Motion in Limine until trial. Counsel is free to raise any objections at trial as they may arise. All final determinations of admissibility will be made at trial based on the record and objections presented to the Court at that time.

Dario Giambro is charged via indictment with one count of knowingly possessing a firearm that was not registered to him in the National Firearms Registration and Transfer Record (NFRTR) in violation of 26 U.S.C. § 5861(d) et seq. Through the first Motion in Limine (Docket # 42), Defendant seeks to prevent the government from introducing evidence that a search of the NFRTR was performed and that no record of registration of the firearm was found. Defendant asserts that the NFRTR is incomplete,

untrustworthy and unreliable, and, therefore, evidence of nonexistence of any registration is not admissible.

As an exception to the hearsay rule, Federal Rule of Evidence 803(10) provides that:

> To prove the absence of a record, report, statement, or data compilation, in any form, or the nonoccurrence or nonexistence of a matter of which a record, report, statement, or data compilation, in any form, was regularly made and preserved by a public office or agency, evidence in the form of a certification in accordance with rule 902, or testimony, that diligent search failed to disclose the record, report, statement, or data compilation, or entry.

The government has indicated that it will offer two certificates of non-registration under Rule 803(10) to show that neither Defendant's name nor the firearm appear in the NFRTR.

Underlying hearsay exceptions, including Rule 803(10), is the principle that "[e]vidence that is otherwise admissible under an exception to the hearsay rule is admissible primarily because evidence of that kind is generally trustworthy, but if, in a particular instance, the circumstances indicate a lack of trustworthiness, the evidence should be excluded." United States v. Robinson, 544 F.2d 110, 115 (2d Cir. 1976).

In the present case, Defendant has proffered general evidence that there may have been problems with the NFRTR in the past. Defendant has failed to show that the NFRTR is currently unreliable or is unreliable as it pertains to him. See United States v. Rith, 164 F.3d 1323, 1337 (10th Cir. 1999) (stating that, in relation to a Sixth Amendment challenge, the defendant had "allege[d] no defect in the NFRTR as it pertain[ed] to him. General claims of unreliability, particularly those that rely upon outdated information, are not sufficient . . . ."). Nor has Defendant indicated that a less

-3-

than diligent search of the NFRTR was conducted, and diligence is the touchstone of trustworthiness. See Robinson, 544 F.2d at 115. In contrast, in United States v. Robinson it was determined that a partial search or incomplete records could not support the conclusion that the record did not exist. Id. In addition, the proposed testimony of Eric Larson does not aid Defendant. Rather, Mr. Larson's statements largely contain conjecture, speculation and lack any scientific basis.

On the record before the Court at this time, the Court is satisfied that the NFRTR is sufficiently reliable to permit the introduction of the two certificates under Rule 803(10). See United States v. Rith, 164 F.3d 1323, 1336 (10th Cir. 1999) (holding that the NFRTR had sufficient guarantees of trustworthiness so as not to violate the Sixth Amendment).

The Court therefore DENIES WITHOUT PREJUDICE Defendant's first Motion in Limine (Docket #42). The Court RESERVES RULING on Defendant's second Motion in Limine (Docket # 48).

**SO ORDERED.**

/s/ George Z. Singal
Chief United States District Judge

Dated at Portland, Maine, this 17th day of August, 2007.